CALVIN RIPLEY, plaintiff in error, *v.* BUCKNER S. MORRIS, defendant in error.

*Error to Cook.*

A Writ of Error, like a *Scire Facias*, is considered as a new action.
The statute relative to costs requires the Court to dismiss the suit whenever a non resident commences an action, either in the Circuit or Supreme Court, without filing security for the costs.

IN this case, a motion was made to dismiss the writ of error, because no bond for costs had been filed. The motion was based upon the affidavit of the defendant in error, stating that the plaintiff in error was, when the writ was sued out, and still is, a non-resident.

The counsel for the plaintiff in error admitted the fact of non-residence, and entered a cross motion for leave to file a bond for costs. The application was resisted by the defendant in error.

*J. B. Thomas*, for the defendant in error.

This proceeding is an action within the meaning of the first section of the *"Act concerning costs,"* (R. L. 165, 6,) the term then and there being, "and in *all cases* in law or equity;" and that law intends to prohibit the institution and prosecution of any suit by a non-resident, in a Circuit Court or the Supreme Court of this State.

It embraces two classes of cases.

1. When a plaintiff, being a non-resident, sues;

2. When a resident sues, and afterwards becomes non-resident.

In the first case, the bond must be filed before the suit is commenced, and in default thereof, the suit must be dismissed. In the other, the bond must not be filed until the plaintiff has become non-resident. The first part goes to the plaintiff's disability to commence, and the other, to prosecute without the requisite security for costs.

The requisition to give bond is co-existent and contemporaneous with the fact of non-residence, but not prior

Ripley *v.* Morris.

thereto. Hence, the action of the Court in the premises must have reference to the date of plaintiff's disability. If it existed when he commenced his suit, the Court cannot invest him with a right not existing at that time, and must dismiss his suit; but a disability commencing after institution of the suit may not carry with it any retrospective prejudice to the plaintiff, if he will do by the rule of Court, what, if his disability had existed before he commenced his suit, he would have been required by law to do.

The plaintiff in error, by asking leave to file his bond, acknowledges the obligation resting on him by law to do so. This is the only law imposing such obligation, and, therefore, this case is conceded to come within its provisions.

But to deny the construction contended for by defendant in error, would render inoperative the requisitions of the law, that bonds be filed in the office of the clerk of the Supreme Court, when suit is commenced in that Court. The suits contemplated by the Act to be commenced in the Supreme Court are necessarily of an appellate character, as between individuals. State Const. Art. IV. § 2, as to the jurisdiction of the Supreme Court. .

This statute was made for the benefit as well of the officers of the Court as of the party. .

A Writ of Error is a new action, not a continuation of one already commenced. 2 Tidd's Pr. 1141.

A Writ of Error is an action and may be released by the name of an action. 2 Bac. Abr. title "*Error,*" 488; Coke on Lit. 288, *b.*

*J. Butterfield,* for the plaintiff in error, resisted the motion to dismiss the suit, and argued his cross motion, contending that a writ of error was a continuation of the suit commenced in the Circuit Court, and not a new suit.

The Opinion of the Court was delivered by

Lockwood, J. The motion is granted. A Writ of Error, like a *Scire Facias,* is considered as a new action. 2 Tidd's Pr. 1141; and the statute relative to costs requires the Court

to dismiss the suit, whenever a non-resident commences an action, either in the Circuit or Supreme Court, without filing security for the costs.

Dismissed at the cost of the plaintiff in error.

*Motion allowed.*