JOSEPH W. CLEMENT, Plaintiff in Error, *v.* JOHN H. BROWN, Defendant in Error.

ERROR TO PERRY.

In an action of trover, items were included in the plaintiff's bill of particulars, which could not be recovered in that form of action, and the verdict was for the exact amount claimed. *Held,* that as there was no evidence in the case to justify the verdict, if those items were excluded, the judgment must be reversed.

The decisions of the court below upon ruling the plaintiff to file security for costs and admitting him to sue *in forma pauperis*, are matters which fall within the discretion of that court.

It is not error for the court to exclude evidence which is merely cumulative.

THIS was a suit commenced in the Circuit Court of Perry county, by the defendant in error against the plaintiff in error, together with Oliver H. Burton and Albert F. Crain, at the April term, 1851. The declaration was in case, with a count in trover.

At the April term, 1861, at the instance of Clement, a rule *nisi* was entered against plaintiff Brown, to give security for costs, which rule was discharged at the same time by agreement only of plaintiff in error.

At the September term, 1861, on motion of defendant Burton, a rule *nisi* was entered against plaintiff, to file security for costs.

Brown filed a bond for costs, which, upon examination by the court, was considered insufficient, and, on motion, Brown had leave to withdraw the bond.

Brown then filed an affidavit and entered his motion to prosecute as a poor person. Plaintiff in error offered to prove the affidavits of defendant in error untrue, by counter affidavits, which the court refused to allow; and the plaintiff below was permitted to prosecute *in forma pauperis*.

The opinion of Mr. Justice Breese contains a sufficient statement of the case.

Wall & Marshall, for Plaintiff in Error.

The point relied upon by us with most confidence in this case is, that the verdict was manifestly and palpably excessive, taking the testimony of plaintiff below as unquestionably true.

By turning to the count in trover, it will be seen that at the foot of the list of articles set out in said count the attorneys of the plaintiff below had footed up the entire sum of the articles in said count at $4,045.99, that being the precise amount of the verdict in the case; and while there is no positive evidence of the fact, the conclusion seems inevitable that the jury based their verdict upon that, without weighing or considering the evidence in the case at all.

The witness Morse states, in one part of his testimony, that the trover count contains a true enumeration of the new stock of goods, with their values at retail prices, and if he had not by subsequent statements shown that in this he must have been mistaken, it is conceded that this would have been sufficient to sustain the verdict, if he had not also shown by his testimony that a portion of this new stock of goods never came into the possession of Clement, and consequently could not by any possibility have been converted by him.

Brown had been selling from this new stock of goods for three or four weeks at least before Clement got possession of the house or goods, or had anything to do with them. The new goods were brought on and put up in the store the first week in May; the sale to Clement was on the 28th of May; and during all that time Brown had been supplying his customers from this new stock of goods as well as the old.

In no possible point of view is there one particle of evidence that would justify a larger verdict than the $4,045.99, if Brown had not sold any of the new goods, and they had all come to the possession of Clement.

If this be so, how is it possible for a verdict to stand that convicts him of converting to his own use goods that beyond

all question did not come to his possession, and which he could not have converted? The case of *Hood* v. *Hanning*, 4 Dana R. 22, is in point.

But in addition to all this, Brown proved by W. C. Tucker that he (witness) heard the demand made for the goods—that Brown demanded the goods set forth in certain bills produced in court—and he identifies the bills positively as the bills of the goods demanded by Brown; and the witness Morse, being recalled, also identifies the bills, as being the bills of the new goods sued for. These bills are copied into the bill of exceptions, and altogether, with freight bills, lumber, shingles, " digging hole for back-house," " making bed-room in store," " cash paid for white-fish, fire works, lemons and candy," etc., only amount to about $2,600, and if we add to this even thirty per cent. we fall far short of the $4,045.90, the amount of the verdict; and this is for the entire stock of the new goods, counters, etc., etc., and on the supposition that Clement got possession of the whole of them, which, as before shown, could not have been case.

J. DOUHERTY, for Defendant in Error.

In cases where the verdict strikes the mind at first blush as contrary to evidence, the court will reverse a case for not granting a new trial. *Davidson* v. *Robinson*, 5 Gilm. 72.

The weight of testimony is a question for the jury. *Smith* v. *Shultz*, 1 Scam. 496.

A verdict is never disturbed for excessive damages in cases of tort, unless the jury acted from prejudice or passion. *Schlencker et al.* v. *Risely*, 3 Scam. 484.

The decision of the court in relation to giving security for costs, cannot be assigned for error. 2 Gilm. 699; 4 Gilm. 226.

Defendant also excepted to ruling of court excluding witnesses called by him to sustain the statements of plaintiff's witness, Morse. This assignment is not tenable, because such witnesses can only testify as to contradictory statements made by witness attempted to be impeached. See *Towers* v. *Green*, 14 Ill. 368.

Clement *v.* Brown.

BREESE, J. This was an action on the case brought originally against the plaintiff in error, and one Burton and Crain, as bailees of certain goods, wares, and merchandise and chattels, the property of the defendant in error, as alleged, with a count in trover added. The defendants pleaded separately not guilty. During the progress of the trial, after the arguments to the jury were concluded, the plaintiff dismissed the case as to Burton and Crain, and the jury returned a verdict against the plaintiff in error for four thousand and forty-five dollars and ninety-nine cents, being the exact footing of the bill of particulars accompanying and filed with the declaration.

Among the items charged in the bill of particulars, are the following :

To lumber, shingles, nails and butts, and screws, and work for house
  at store,　　　　-　-　-　-　-　-　-　-　-　-　- $75.00
Lumber for back-house, and digging hole for same, and hogshead,　-　　5.00
Two counters, one table-counter, and part of one counter and shelving,
  and boxes for goods, and pail,　-　-　-　-　-　-　- 100.00
To lumber, and door and nails, making bed-room in store,　-　-　　10.00
Two board signs,　-　-　-　-　-　-　-　-　-　-　- 15.00
Two hitching rails and posts, and iron hooks in same,　-　-　-　　5.00
To cash paid for white fish, fire works, lemons and candy,　-　-　-　30.00

These items, with the goods and merchandise, made the above sum, which was marked in pencil, as the footing up of the bill of particulars, and for this the verdict was rendered.

A motion for a new trial was duly entered, and among other reasons assigned therefor, was this allowance by the jury of items for which trover could not be maintained, but the court denied the motion, and rendered judgment on the verdict.

It is quite clear, the verdict, to the extent of these items, is wrong, and to that extent, certainly, the damages are excessive and against the evidence.

We were, at first, under the impression that the verdict might be sustained by excluding these items as not having been taken into the computation by the jury, but on examining the case more thoroughly, we have become satisfied that the jury took the footing in pencil as their only guide, and

found their verdict in exact conformity to it, for, on investigation of all the evidence in support of the claim of the plaintiff below, we find, without these items, an amount due to the plaintiff much less than the verdict, so much less as to justify setting it aside.

Brown, it appears, was a merchant in Duquoin, and had an old and a new stock of goods in his store. He sold the old stock to Clement, and put him in possession, and of the new stock also. The former clerk of Brown, one Morse, was continued in the store to keep account of the sales of the new goods. He was discharged by Clement early in July. He states in his testimony, that the old stock only was sold, an invoice of which had been taken by him, in April, 1860. The new stock was brought in the store the first week in May following, and the sale of the old stock was made on the 28th of May, and for it Clement was to pay three thousand dollars in notes, and satisfy some debts owed by Brown. The new stock was valued at three or four thousand dollars. He states that the bills filed with the declaration contain a correct list of the articles comprising the new stock, and the prices are the retail prices made up by adding from twenty-five to thirty per cent. to the wholesale prices, with fifty per cent. added on a few articles.

One Tucker, sworn as a witness, testified that the bills produced were the same bills of goods with the prices annexed, as he had put a mark on them.

By a careful addition of these various bills of the new stock, they are found to amount to the sum of two thousand six hundred and seventy-two dollars and thirty-seven cents. These were the wholesale prices, as appears by the bills. On what portion of them twenty-five, or thirty or fifty per cent. was added, we are not informed, but assuming, as an average, that thirty per cent. was added on each article, and which would seem to be fair, the retail price of these goods when converted by Clement, without allowing anything for sales out of them, from the first week in May to the 28th of May, when Clement got possession, would be eight hundred and one dollars and seventy-one cents, which added to the invoice

price, two thousand six hundred and seventy-two dollars and thirty-seven cents, would make but three thousand four hundred and seventy-four dollars and eight cents, as the value of the goods converted. The verdict was for four thousand and forty-five dollars and ninety-nine cents, being an excess of five hundred and seventy-one dollars and ninety-one cents, over and above the amount properly recoverable, on the plaintiff's own testimony.

The verdict is clearly, to that extent, unwarranted by the evidence, and must be set aside, and the judgment reversed, and the cause remanded.

We have confined our examination to the main point in the case. The points made on the several rulings of the court as to security for costs, and permitting the plaintiff to sue *in forma pauperis*, were so much in the discretion of the court that error cannot be assigned on them, as they are presented in the record.

Nor was there any error in refusing to hear the testimony of Tetrick and Watkins offered by the plaintiff, as it was merely cumulative, the fact having been admitted by the witness Morse.

*Judgment reversed.*