Macklin v. Allenberg.

---

MACKLIN v. ALLENBERG *et al.*, *Appellants*.

1.  Equity: DIVESTING TITLE: STATUTE. The circuit court, as a court of equity, can, under the statute, divest one party to the suit of title and vest it in another. (R. S. 1879, secs. 2760 and 3692.)

2.  Appeal: WRIT OF ERROR. An appeal is a continuation of the suit, while a writ of error is regarded as a new action.

| 100 | 337 |
| 104 | 365 |
| 44a | 99 |
| 100 | 337 |
| 113 | 165 |
| 100 | 337 |
| 63a | 150 |
| 100 | 337 |
| 141 | 120 |
| 143 | 68 |
| 100 | 337 |
| 80a | 417 |
| 100 | 337 |
| 82a | 384 |
| 100 | 337 |
| 92a | 385 |
| 93a | 629 |
| 100 | 337 |
| 94a | 214 |

3.   **Execution Sale: PURCHASERS : REVERSAL OF JUDGMENT.**   A title acquired by third persons in good faith, whether at an execution sale, or from a party to the suit, who was a purchaser at the sale, will not be affected by a reversal of the judgment.

4.   ———: ———: ———.   A purchaser from one who has acquired title by operation of a decree will be protected where the purchase was made after the termination of the suit, and before the suing out of the writ of error.

*Appeal from St. Louis City Circuit Court.*—Hon. Shepard Barclay, Judge.

Reversed and remanded.

*D. T. Jewett* for appellants.

(1) The record shows that the suit of Kinealy against the Macklins and the trustee Haydell was commenced on twenty-third of February, 1874, and notice of same filed and recorded in the record of deeds for St. Louis, on the same day. Any subsequent conveyance by Mrs. Macklin and her trustee was with notice to the grantee, and subject to the result of that suit. (2) The decree of the court transferred the title from Haydell and Mrs. Macklin, the defendant, to Michael Kinealy, plaintiff. Statutes of 1879, section 3692, which says: "In all cases where judgment is given for the conveyance of real estate, or the delivery of personal property, the court may, by such judgment, pass the title to such property, without any act to be done on the part of the defendant." Also see section 2760, same statute. (3) As no appeal was taken at any time, and the writ of error was not sued out till over a year after the final judgment, and almost a year after the money was loaned, and the deed of trust put on the land, and, as there is no pretense of actual notice to defendants or their agent, or any fraud, there was no *lis pendens* when the money was loaned, and the writ

of error was a "new suit," and did not affect any sale of, or encumbrance put on, the land by Kinealy between the end of the term at which judgment was rendered and the suing out of the writ of error.   2 Tidd's Practice [4 Am. Ed.] page 1141; *Batchelor v. Ellis*, 7 Term Rep. 337; *Ripley v. Morris*, 7 Ill. 381; *Allen v. Mayor*, 9 Ga. 286; *Gregg v. Berthea*, 6 Porter (Ala.) 9; *Robinson v. Magarity*, 28 Ill. 426; *Eldridge v. Walker*, 80 Ill. 270–273; *Taylor v. Boyd*, 3 Ohio, 337–354; *McCormick v. McClure*, 6 Blackf. (Ind.) 466; *Henington v. McCollum*, 73 Ill. 477; *Clarkson v. Morgan*, 6 B. Mon. 441; Freeman on Judgments [3 Ed.] sec. 205, chap. 10; R. S. 1879, sec. 3743, and following.   (4)   Where an innocent party has acquired rights under a valid sale, under a judgment afterwards reversed. or has, *bona fide*, acquired some collateral right before the reversal—his rights will be protected, though the judgment under which he acquired such rights may be afterwards reversed.   *Gott v. Powell*, 41 Mo. 416, and cases there cited.

*T. J. Rowe* for respondents.

(1)   Kinealy did not acquire Ann Macklin's title by the circuit court decree.   Title to land cannot be so acquired.   A court of competent jurisdiction can, by decree, find and declare that the title has been acquired either by operation of law or by the act of the parties, but the decree cannot be the mode. of acquiring the title.   The decree locates the title, it cannot create the title.   *Clarey v. Marshall's Heirs*, 4 Dana (Ky.) 98; 60 Tex. 555.   But the appellant, in answer to this proposition, will no doubt say, see Revised Statutes, 1879, sections 2760, 3692 and 3694.   The above statutory provisions do not militate against our position.   The evident meaning of the statute is that when a party, by some act or agreement, should convey his title to another, and a court having jurisdiction has so decreed,

that a conveyance from the party shall not be necessary, and the decree will pass the title. The statute does not say that a party can acquire title by decree, but it does say that when a title has been acquired by the act or agreement of parties, the court can decree that it has been so acquired, and such decree shall have the force and effect of a conveyance. (2) The doctrine of *lis pendens* does not apply. *Pierce v. Stinde*, 11 Mo. App. 364.

BLACK, J.—This is an action of ejectment for a lot in the city of St. Louis. The judgment of the circuit court was for the plaintiff, and defendants appealed.

Patrick Macklin is, for all the purposes of this appeal, conceded to be the common source of title. On the fourteenth of May, 1873, he conveyed the lot to F. L. Haydell in trust for the use and benefit of Ann Macklin, the wife of said Patrick Macklin. The plaintiff put in evidence other deeds showing a perfect and complete title in her, but they are all dated subsequent to the decree hereafter mentioned.

Michael Kinealy purchased the lot in December, 1873, at a sale under an execution issued on a judgment against Patrick Macklin and in favor of Ferguson; and in February, 1874, Kinealy commenced a suit against Macklin and his wife and Haydell as trustee to set aside the deed of trust to Haydell on the ground that the same was made in fraud of the creditors of Patrick Macklin. Notice of that suit was duly filed in the office of the recorder of deeds. In October, 1878, Kinealy obtained a decree which declared the deed to Haydell to be null and void and of no effect, as against Kinealy as purchaser at the execution sale, and after describing the property the decree goes on and vests all the right, title and interest of the defendants to the property in the plaintiff, and the plaintiff is also awarded a writ of possession. A copy of this decree was duly

recorded in the recorder's office. The defendants in that case filed a bill of exceptions in November, 1878, but took no appeal. Kinealy was put in possession by a writ issued pursuant to the decree, and thereafter in March, 1879, he conveyed the property to Sutherland in trust to secure his note for two thousand dollars payable to defendant Sanderson. The defendants acquired their title at a sale under this deed of trust.

In March, 1880, Macklin and wife and her trustee, Haydell, sued out of the St. Louis court of appeals a writ of error in the former suit of Kinealy against them. That court affirmed the judgment of the circuit court, but the judgment of the court of appeals was reversed and the bill dismissed by this court in 1886.

1. The plaintiff assails the decree rendered in the case of Kinealy against Macklin and wife and her trustee, Haydell, on the ground that the circuit court could not vest the title of the defendants in the plaintiff. A court of competent jurisdiction, it is insisted, can by its decree find and declare that a title has been acquired by operation of law or by the act of the parties, but the decree cannot be made a mode of transferring title. To all this the statute furnishes a sufficient answer. It declares: "In all cases where judgment is given for the conveyance of real estate or the delivery of personal property, the court may, by such judgment, pass the title of such property without any act to be done on the part of the defendant." R. S. 1879, sec. 3692, and sec. 2760. It is perfectly competent for the circuit court, as a court of equity, to divest one party to the suit of the title to real estate and to invest it in another. The power of the court to pass the title by its decree to the party to whom the law says it belongs cannot be doubted. The statute is too plain and the practice under it too well established to admit of question; so that it is not essential to look beyond or outside of the statute itself.

2.   But there was no necessity for any such a decree. Kinealy in his petition alleged, in legal effect, that the deed from Patrick Macklin to Haydell was contrived and made to defraud creditors, and so the circuit court found from the evidence; and the judgment declaring the deed to be void and of no effect as against Kinealy, left him with a clear and unclouded title.   The balance of the decree, save that part which awards a writ of possession, is mere surplusage.

3.   As we have said the final decree in favor of Kinealy was rendered in October, 1878, and he obtained possession by a writ thereunder.   Thereafter, and in March, 1879, he executed the deed of trust, under which the defendants acquired title.   A year thereafter, lacking four days, the writ of error was sued out, and the question is whether the defendants' title is affected by the subsequent reversal of the decree.   When this court reversed the decree and dismissed the plaintiff's bill, the defendants became entitled to restitution, and as against Kinealy they were entitled to have the property itself restored.   *Gott v. Powell*, 41 Mo. 417.   In that case it was said :   " Where a man recovers land in a real action, and takes possession or acquires title to land or goods by sale under execution, and the judgment is afterwards reversed, so far as he is concerned his title is at an end, and the land or goods must be restored in specie, not the value of them, but the things themselves.   There is an exception where the sale is to a stranger *bona fide,* or where a third person has *bona fide* acquired some collateral right before the reversal."

In *Vogler v. Montgomery*, 54 Mo. 577, Nussberger recovered a judgment against Vogler and purchased the property thereunder.   Nussberger conveyed it to Montgomery in trust for the benefit of Shields, and in less than ten days after the date of this deed the judgment was reversed.   Montgomery being a purchaser in good faith, it was held his title would not be invalidated by the reversal.

Macklin v. Allenberg.

Where a stranger to the proceedings purchases property under a judgment which is afterwards reversed, his title will not be affected by the reversal. It is equally clear that if the plaintiff in the execution purchases the property and he still has it when the judgment is reversed he must restore it to the execution defendant. There are many cases which hold that the grantee of a party to the suit stands in no better position than his grantor; but it will be seen from the cases cited that this court considers such a purchaser as occupying the same position as if he had himself bought at the sheriff's sale.

The cases thus far cited are not in exact point here because there was no sale of the property under the decree, so that Kinealy was not a purchaser under it; but the cases have been no ted for the purpose of showing that titles acquired by third persons in good faith, whether at the execution sale or from a party to the suit who was a purchaser at such sale, will not be affected by a reversal of the judgment. The disposition which the court has heretofore manifested to protect the rights of purchasers who are not parties to the suit, is to be kept in mind in the disposition of the case at bar.

An appeal is generally held to be a continuation of the suit. A writ of error, however, is considered a new action, and that it is a new action has been repeatedly and often held by many courts. 2 Tidd's Prac. [3 Am. Ed.] top p. 1141; *Ripley v. Morris*, 7 Ill. 381; *Allen v. Mayer*, 9 Ga. 286; *Robinson v. Magarity*, 28 Ill. 426; *Eldridge v. Walker*, 80 Ill. 270; *International Bank v. Jenkins*, 104 Ill. 151; *Pierce v. Stinde*, 11 Mo. App. 364. The facts in *McCormick v. McClure*, 6 Blackford, 466, were in substance these: McCormick filed a bill in chancery against McClure and others for a decree for a tract of land, and the trial court rendered a decree as prayed for, and McCormick was accordingly

put in possession of the premises. The decree was afterwards reversed, and McClure applied for a writ of restitution which was resisted by Armstrong who purchased fron McCormick after the decree and before the writ of error was sued out. Says the court: "After the decree and before the commencement of the suit in error, the suit in which the decree was rendered was not pending, and the land, during that period, might be *bona fide* purchased for a valuable consideration from the complainant, and the title of the purchaser, and those claiming under him, would not be affected by the subsequent reversal of the decree." *Taylor v. Boyd*, 3 Ohio, 338, is to the same effect. Boyd prosecuted a bill in chancery against Taylor and obtained a decree requiring Taylor to convey the premises to him within a given time, or the decree should operate as a conveyance. Taylor made no conveyance. Boyd took possession, and, after the time limited by the decree, conveyed the property. At the date of the conveyance Taylor had sued out a writ of error, but it had not been served, and the purchaser had no notice of it. The court held that the writ of error was a new suit, and among other observations said: "We are of opinion that, until the service of the citation, a writ of error is not to be considered as pending so as to affect strangers as a *lis pendens*. This, we think, is not only in accord with good sense and fair dealing, but is also according to the best authority." As a result from these considerations it was held that a reversal of the decree did not divest the purchaser's title, he having acquired the property in good faith.

Under our statute appeals may be allowed and writs of error sued out in actions at law and in equity without distinction. Appeals are allowed with or without stay of execution, but they must be allowed at the term at which the judgment is rendered. Writs of error may be sued out within three years, saving to

Macklin v. Allenberg.

persons, under the age of twenty-one years, the right to bring their writs within three years after such disability is removed. Notice of suing out the writ must be given to the opposite party. From these statutory provisions it will be seen that the distinction between appeals and writs of error is still preserved, and it must be held that the writ of error is a new suit.

When Kinealy executed the deed of trust under which the defendants acquired title, there was no suit pending in any court. He was in possession with a perfect title; and that Sanderson loaned the money and took the deed of trust in good faith is not questioned. Under these circumstances the validity of the deed of trust ought not to be affected by a reversal of the decree on a writ of error sued out nearly a year after the date of the deed of trust. The argument which opposes this conclusion is, that the defendants in the suit which resulted in the decree had, by the law, three years in which to sue out a writ of error, and that persons purchasing from Kinealy were bound to know that the decree was subject to review during that time, and they should be held bound to take subject to the result of such review by the appellate courts. This argument overlooks several important considerations. The judgments of the circuit courts are presumed to be correct until reversed. The decree was valid and binding on the parties to the suit. It fixed and settled the rights of the parties thereto. The litigation was at an end, and persons dealing with the property had a right to rely upon the validity of the decree, and they may invoke it to protect rights acquired whilst it remained in full force and not questioned by any pending litigation. Judicial sales made under judgments and decrees, afterwards reversed, to strangers are upheld, it is often said, to encourage bidders, and on grounds of public policy; but the true reason is, that such purchasers, as well as purchasers from parties to the suit, have a right

to rely upon the validity of the judgment or decree, execution not having been stayed. So if the decree is not one for the sale of property, but operates directly on the title. Persons dealing with the property, whilst there is no suit pending, have a right to rely upon the decree establishing the title. In such cases it is an easy matter to keep the suit pending by taking an appeal, and that, too, without giving bond, or by immediately suing out a writ of error. If we rule the question now under consideration for plaintiff, we must establish the doctrine that decrees for titles are not to be relied upon in any case until the time for suing out writs of error has expired, a rule which would be far-reaching in its consequences. The cases cited from Ohio and Indiana are in point, and they show that a purchaser from one who has acquired title by operation of a decree will be protected, where the purchase was made after the termination of the suit and before the suing out of a writ of error, and this is the correct rule. Mrs. Macklin has her remedy against Kinealy for that which she lost and is not in his hands in specie.

We do not disagree with the result reached in *Fishback et al. v. Weaver*, 34 Ark. 569, for the decree for sale in that case had been superseded. *Marks v. Cowles*, 61 Ala. 299, was a case where a party to a decree became the purchaser, and then sold to a stranger. On appeal, but without a *supersedeas*, the decree was reversed. It was held the stranger obtained a defeasible title only. That case is not in accord with the rulings of this court as will be seen by an examination of *Vogler v. Montgomery, supra. Clarey v. Marshall's Heirs*, 4 Dana (Ky.) 95, and *Debell v. Foxworthy's Heirs*, 9 B. Mon. 228, do support the claims made by the respondent in this case. But it is our opinion that they do not assert a correct doctrine, so far as the question in hand is concerned. For the reasons before stated the judgment is reversed and the cause remanded. BARCLAY, J., not sitting; the other judges concur.