# CASES

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1898.

### Benjamin Behrman et al. v. Myer Livingston et al.

1. Costs—*Prosecuting as a Poor Person.*—Under Sections 4 and 5 of Chap. 33, R. S., entitled " Costs," courts have a discretion to allow or deny a motion for leave to prosecute as a poor person. and its decision thereon will not be held error by a reviewing court unless the discretion is shown to have been abused.

**Bill for Relief.**—Trial in the Circuit Court of McLean County; the Hon. Colostin D. Myers, Judge, presiding. Bill dismissed ; appeal by complainant. Heard in this court at the November term,1898. Affirmed. Opinion filed June 3, 1899.

James L. Loar, attorney for plaintiff in error.

Livingston & Bach and Alfred Sample, attorneys for defendants in error.

Mr. Presiding Justice Burroughs delivered the opinion of the court.

The plaintiff in error filed in the Circuit Court of McLean County his bill of complaint in chancery to the February term, 1898, against the defendants in error, who are the heirs at law and personal representatives, respectively, of Aaron and Samuel Livingston, deceased. That court dismissed his bill without prejudice, and he prosecutes a writ of error from this court to reverse that decree.

(51)

The bill charges that on and long before June 10, 1866, Abraham Behrman, Aaron Livingston and Samuel Livingston, as partners, doing business under the name of S. Livingston & Co., were engaged in the business of selling clothing and furnishing goods in the city of Bloomington, McLean county, Illinois; and the firm owned personal and real estate in that county of the value of $78,000 (each of the partners having one-third interest therein), when on June 10, 1866, Abraham Behrman died intestate, leaving the plaintiff in error and some others, naming them, as his only heirs at law, to whom his interest in said property descended. That shortly after the death of Abraham Behrman, the two surviving partners, contriving and intending to cheat and defraud complainant out of his interest in the estate of Abraham Behrman, deceased, fraudulently procured Aaron Livingston to be appointed administrator of his estate, and wrongfully caused persons to be appointed to appraise the property thereof who were interested therein, and otherwise disqualified to act as such; and that they made no valid appraisement thereof, and neglected to certify an appraisement under oath as required by law.

That Aaron Livingston, as such administrator, failed to make any inventory of the property belonging to the estate of his intestate, and secretly and fraudulently, without any order of the court, and without public notice, sold the entire personal property belonging to the estate of said deceased (save and except the accounts owing to said firm), to his brother Samuel and himself for the sum of $53,300, while he knew it was worth at least $65,000; all being in pursuance of the design to cheat and defraud the heirs at law of Abraham out of their full share therein. That no accounting has been made to the plaintiff in error by said Aaron and Samuel Livingston, or any one for them, for his interest in the estate of Abraham Behrman, deceased, save and except to the extent of about $1,500 of the cash on hand, and about $1,000 on account of other personal property; but that Aaron and Samuel converted all of the share of the estate of Abraham in the property of said firm (except

as above stated) to their own use; thereby making it a trust fund in their hands for the heirs at law of said Abraham, deceased. That Aaron Livingston died intestate in Bloomington, Illinois, on or about September 25, 1881; and Samuel Livingston died testate in the same city, about October 9, 1892. That all the foregoing fraudulent acts of Aaron and Samuel Livingston were well known to those who are made defendants to the bill, and who are averred to be all the personal representatives and heirs at law respectively of said Aaron and Samuel; and to have in their possession all the property of said firm, or its proceeds. The bill prays that the defendants be required to account to the complainant for such trust estate, and pay him his equitable share thereof; and also prays for general relief; and is sworn to by the complainant.

On the first day of the February term, 1898, the defendants moved the court to rule the complainant to give bond for costs; and supported their motion by affidavits to the effect that the claim made upon them by complainant in his bill was wholly without merit and would be dismissed for that reason on the hearing; that the complainant was unable to pay the costs that would be decreed against him, as he was wholly insolvent.

The court allowed the motion and entered a rule on the complainant to give bond for costs by a day mentioned, or to show cause within that time. Within the time allowed the complainant entered a motion to vacate the rule, and that he be permitted to prosecute his cause as a poor person; supporting it with the affidavits of himself and his solicitor, to the effect that complainant was unable to give a bond for costs, but they believed he had a good and meritorious claim, as set forth in his bill, and if the same was heard he would, in the opinion of both, recover a large sum of money from the defendants.

The defendants filed objections to allowing the complainant to prosecute as a poor person on the showing made, and moved the court to dismiss the bill, supporting their objections and motion with affidavits to the effect that

shortly after the death of Abraham Behrman there was had regular administration upon his estate in the County Court of McLean county, in which all his personal effects were regularly accounted for and paid out under the direction of that court; and that all his real estate was sold in a regular partition proceeding in the Circuit Court of said county, and the proceeds thereof accounted for and paid over to the persons to whom it belonged, under the supervision and orders of that court; so that there is nothing to be accounted for to complainant from the estate of Abraham Behrman, deceased, whatever; and that the claim of complainant made in and by his bill is entirely without merit. These affidavits further state that complainant is now about fifty years old, and has lived in the State for the past thirty years, and that he was living in Bloomington and engaged there in the clothing business when the administrator of the estate of Abraham Behrman, deceased, made his final settlement of that estate in the said County Court; but that he then made no objection thereto, or did he ever make any claim or bring any suit on account of any claim he had to any unaccounted-for property of that estate until he filed this bill; and that Aaron Livingston died sixteen years before the bill was filed, and Samuel Livingston died five years before. These affidavits were supported by sworn copies of the files, orders and decrees of the courts, referred to in the affidavits, corroborating the statements made in the affidavits filed with the objections and motion.

The court, upon hearing complainant's motion for leave to prosecute as a poor person, and defendant's objections thereto and their motion to dismiss bill, denied complainant's motion, but gave him several additional days' time in which to comply with the rule to file a bond for costs. After the expiration of such additional time, there being no bond for costs filed, the court, for such failure, entered its decree dismissing the bill without prejudice.

The error assigned on this record is that the court improperly allowed the defendants to file the affidavits, and make the showing they did on their objections to complainant's motion for leave to prosecute as a poor person, and the

plaintiff insists that the court ought to have permitted him to prosecute his bill as a poor person, and required the defendants to answer the same and heard the cause on its merits.

We think that by Secs. 4 and 5, Chap. 33 of the Costs Act, the court had a discretion to allow or deny the motion of the plaintiff in error for leave to prosecute his bill in *forma pauperis*, and its decision thereon ought not to be held to be error by a reviewing court unless that discretion is shown to have been abused. Clement v. Brown, 30 Ill. 43; Gesford v. Critzer, 2 Gilman, 698; and Selby v. Hutchinson, 4 Gilman, 319.

The facts set up by the bill show that complainant is seeking to enforce against the defendants an old and stale claim, and that, too, without averring any reason for such delay.

The showing made by the defendants in error in support of their objections to the allowance of complainants for leave to prosecute as a poor person, was properly heard and considered by the court that it might be aided in the proper exercise of its discretion.

From the showing made on the motion and the affidavits thereto, we do not think the court abused the discretion with which it was clothed when it denied complainant's motion for leave to prosecute in *forma pauperis*.

As the record shows that plaintiff in error failed to file a bond for costs within the time fixed by the rule, the court properly entered the decree dismissing the bill without prejudice, hence we affirm its decree. Decree affirmed.