### Rhoda Roberts v. George Brunz et al.

1. Costs—*Discretion of the Court in Requiring Security for.*—The question as to whether a plaintiff shall be required to give security for costs, is a matter for the sound discretion of the trial court and the Appellate Court will not interfere unless such discretion has been abused.

Trespass, for an illegal assault. Error to the Circuit Court of Shelby County; the Hon. Truman E. Ames, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

Chafee & Chew, attorneys for plaintiff in error.

E. A. Richardson, attorney for defendants in error.

Mr. Presiding Justice Harker delivered the opinion of the court.

The plaintiff in error commenced suit in trespass against defendants in error to recover damages for an illegal assault upon her person, and filed with the clerk of the court an affidavit as a poor person, under section 6 of the cost act. Subsequently, in term time, the defendants moved the court to rule the plaintiff to give security for costs, supporting their motion by affidavit, showing inability of plaintiff to

pay costs and a meritorious defense to the cause of action set up in the declaration. The plaintiff then moved the court for leave to prosecute as a poor person, and supported her motion by affidavit showing merits, etc. The court denied the application to prosecution as a poor person, and upon plaintiff's failing to give security for costs, as required, by the order of the court, dismissed her suit. From that order, this writ of error is prosecuted.

It is insisted that section 6 of the cost act stands independently, giving the absolute right to prosecute without costs to the end of a law suit, and that the power and discretion conferred upon the court by sections 4 and 5 are absent. We are of the opinion that section 6 was designed to provide, in the absence of the court, means for requiring the clerk and sheriff to act without first being paid their fees. We do not think it was the intention of the legislature, by enacting that provision, to take from the court the sound discretion conferred by sections 4 and 5. Certainly it could not have been intended to have taken from the defendants the right to be heard upon such an application. We think that in a case where a plaintiff has filed an affidavit in vacation under section 6, that the defendant is entitled to be heard as to the propriety of the plaintiff's prosecuting as a poor person, as soon as an opportunity is offered.

The question as to whether the plaintiff shall be required to give security for costs is a matter for the sound discretion of the trial court, and an Appellate Court will not interfere unless such discretion has been abused. Clement v. Brown, 30 Ill. 43; C. & I. R. R. Co. v. Lane, 130 Ill. 116; C. & I. R. R. Co. v. Lane, 30 Ill. App. 437; City of Rockford v. Russell, 9 Ill. App. 229.

To the exercise of such discretion, there must be some evidence on which to act and that is furnished the court by the affidavits of the contending litigants. Tracey v. Bible, 181 Ill. 331.

From the record in this case, we can not say that the court abused its discretion, and the judgment will be affirmed.