PETRONELE PETRAUSKAS, Plaintiff-Appellant, *v.* IRWIN KIPNIS *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 62205

Opinion filed November 4, 1976.—Rehearing denied December 7, 1976.

Petronele Petrauskas, of Chicago, for appellant, *pro se.*

Crooks, Gilligan & Kages and James D. Lynch, both of Chicago, for appellees.

PER CURIAM (First District, Third Division):

Pursuant to Supreme Court Rule 364, a rule was entered against plaintiff-appellant to show cause why this appeal should not be dismissed for failure to file a cost bond. Appellant responded in timely fashion. The question before this court is whether the insolvent appellant has shown sufficient cause why this appeal should not be dismissed.

Appeal dismissed.

The pleadings before this court and the common law record below

indicate the following. Petronele Petrauskas was seriously injured in an automobile accident in 1960. She brought suit in the circuit court of Cook County pursuant to the Dram Shop Act. A jury returned a verdict in favor of the tavern owners against plaintiff, and a verdict in favor of plaintiff against the driver of the car. Judgments were entered upon the verdicts. Plaintiff's appeal was filed, but dismissed for want of prosecution. Subsequently, Ms. Petrauskas filed a section 72 petition seeking a new trial upon the grounds of newly discovered evidence. This petition was denied by the trial court, and the denial was affirmed by this court. (*Petrauskas v. Motejunas* (1971), 133 Ill. App. 2d 293, 272 N.E.2d 805.) The opinion of the court contains the following passage:

> "Examining the affidavits in the instant case in that light, it is clear that *an adequate pretrial investigation* would have resulted in discovery of the evidence now presented in the affidavits of plaintiff's landlord and of the host of the party she attended the night of the accident. *Plaintiff's failure to diligently prepare her case for trial* also accounts for the fact that Matas Naujokus, known by plaintiff prior to the trial to be a material witness, was never contacted." (133 Ill. App. 2d 293, 296, 272 N.E.2d 805, 808.) (Emphasis added.)

As concerns the section 72 petition, the court found that plaintiff was not diligent.

Ms. Petrauskas then filed the instant lawsuit for legal malpractice against the attorneys who represented her in the original action. A jury found for defendants and against plaintiff. Judgment was entered upon the verdict, and plaintiff's post-trial motion was denied. Plaintiff filed notice of appeal, and this court summarily granted her petition for leave to proceed *in forma pauperis*.

Defendants-appellees submitted to this court a motion with accompanying affidavit presented pursuant to Supreme Court Rule 364, which alleged that appellant is insolvent and no bond for costs has been filed. Since appellant is admittedly insolvent, with proof of service of the motion and affidavit upon appellant, a rule was entered against appellant to show cause why the appeal should not be dismissed.

■■ Civil proceedings *in forma pauperis* in trial courts are expressly authorized by statute (Ill. Rev. Stat. 1973, ch. 33, pars. 5 and 6), but there is no express authority for such proceedings in civil appeals because the statutes refer to "the commencement of any suit." When enacted in 1874, these statutes applied to proceedings on appeal because a writ of error was considered to be the commencement of a new action. (*Roberts v. Fahs* (1863), 32 Ill. 474; *Hickman v. Haines* (1848), 10 Ill. 20; *Ripley v. Morris* (1845), 7 Ill. 381.) This rule was changed, so that today an appeal is considered to be a continuation of the proceedings in the circuit court. (Supreme Court Rule 301.) We do not believe that it was

intended to deprive paupers of their privilege of proceeding *in forma pauperis* in civil appeals.

The Costs Act (Ill. Rev. Stat. 1973, ch. 33) contemplates a three-stage process in such cases, as was described in *Roberts v. Brunz* (1900), 92 Ill. App. 479. (1) The plaintiff or appellant commences the action by filing the affidavit described in section 6 (Ill. Rev. Stat. 1973, ch. 33, par. 6), and set forth in Supreme Court Rule 298. The complaint or notice of appeal is then accepted for filing without the payment of filing fees. (2) The defendant or appellee may move the court to rule the insolvent plaintiff or appellant to give a security for the costs defendant or appellee would be entitled to receive upon prevailing. (Ill. Rev. Stat. 1973, ch. 33, pars. 4, 8 and 22.) In civil appeals, this motion is set forth in Supreme Court Rule 364, which states:

> "In any appeal to a reviewing court in a civil action, upon the filing by the appellee of an affidavit that any appellant is not a resident of this State or is insolvent and that no bond for costs has been filed, with proof of service of a copy of the affidavit, a rule shall be entered against the appellant to show cause why the appeal should not be dismissed."

A rule to show cause is entered against plaintiff or appellant. (3) Plaintiff or appellant then petitions the court for leave to proceed as a poor person, pursuant to section 5 of the Costs Act. (Ill. Rev. Stat. 1973, ch. 33, par. 5.) By setting forth the precise nature of his meritorious claim or appeal, the insolvent petitioner shows cause why the case should not be dismissed for failure to post a security for costs.

It is generally considered that if the pauper has what appears to be a meritorious claim, the court, in its discretion, may waive the posting of a security. (*Roberts v. Brunz Chicago & Iowa R.R. Co. v. Lane* (1889), 130 Ill. 116.) Should the pauper fail to sufficiently describe the nature of his claim, or not be possessed of a meritorious claim, the court may, in its discretion, dismiss the cause. (*Behrman v. Livingston* (1898), 83 Ill. App. 51; Supreme Court Rule 364.) The reasoning behind these rules was stated in the case of *Lowe v. Kansas* (1896), 163 U.S. 81, 85, 41 L. Ed. 78, 80:

> "And from early times the legislature and the courts, in England and America, *in order to put a check on unjust litigation*, have not only, as a general rule, awarded costs to the party prevailing in a civil action, but have, not infrequently, required actual payment of costs, or security for their payment, from the plaintiff in a civil action, * * *." (Emphasis added.)

In such cases, the question is whether the plaintiff or appellant has sufficiently shown the court the existence of a just, meritorious, and nonfrivolous cause of action or grounds for appeal as would justify waiver of security.

In the instant case, appellant was summarily granted leave to proceed as a poor person. Appellees then exercised their right to request a cost bond. Pursuant to Supreme Court Rule 364, appellees' motion was granted and appellant was ruled to show cause why her appeal should not be dismissed. Appellant filed an affidavit which purported to show cause why her appeal should not be dismissed.

■■ Having examined appellant's affidavit, notice of appeal, short record on appeal, and all motions filed in this court, this court finds the grounds for appellant's appeal are that trial errors were allegedly committed and that the verdict is against the manifest weight of the evidence. Unlike errors of law which are apparent from the face of pleadings contained in a common law record, trial error and sufficiency of the evidence issues are apparent only from a report of proceedings. However, appellant has not filed either a certified copy of a report of proceedings or a certified bystander's report with this court, so there is no way of knowing whether appellant's grounds for appeal are meritorious and nonfrivolous.

Appellant, in her motions and affidavits, set out her problems in obtaining a certified report of proceedings. She has difficulty with the English language, her eyesight is failing, her health is poor, and she is indigent. On March 4, 1976, this court entered the following order:

"Ordered that the trial court proceed forthwith to finally determine plaintiff-appellant's Proposed Report of Proceedings as provided by Supreme Court Rule 323(c).

Further ordered that all proceedings in this court, including defendant-appellees' motion to dismiss appeal, be stayed pending the above final determination in the trial court."

Further proceedings in the matter were held below, and on March 30, 1976, the trial court entered the following order:

"This cause coming on motion to approve Report of Proceedings and it appearing to the court that the official Record on Appeal has been tampered with, and evidence having been taken; IT IS ORDERED that the Record on Appeal is impounded by the Clerk's Office and be available only on further order of this court."

Appellant has admitted to this court in her affidavit of April 13 that she did unbind the record without authorization and add documents which had previously been ordered expunged. Contempt proceedings were commenced in the trial court, and the filing of the record has been delayed pending completion of the contempt proceedings.

In the meanwhile, appellant has asked this court for further extensions of time for filing a report of proceedings, and the motions were taken under advisement. Appellant's motions allege that the reason for the delay

is that she is awaiting trial for contempt and that the record is impounded in the trial court. Since the need for extensions is directly attributable to appellant's admitted tampering with the record, in our discretion an order shall be entered denying appellant's motions for further extensions of time for filing the report of proceedings. Supreme Court Rule 323(e).

Returning to the rule to show cause, it is apparent that appellant has not provided the appellate court with the appropriate means of determining whether her appeal has any merit. This court therefore finds that she has not shown sufficient cause why her appeal should not be dismissed. Supreme Court Rule 364.

We wish to comment briefly on an argument appellant raises in her affidavit. She claims that the requirement of a cost bond deprives her of her constitutionally protected right of appeal to this court, citing the Illinois Supreme Court's decision in *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 355, 280 N.E.2d 208, 211:

> "Section 7 of article VI of the constitution of Illinois (1870) and section 6, article VI of the constitution of Illinois (1970) provide for an appeal, as a matter of right, from all final judgments of the circuit court. Having created the right of appeal, the statutes adopted and the rules promulgated in implementation of that right may not serve to discriminate against appellants by reason of the inability to furnish an appeal bond. [Citations.] We hold, therefore, that insofar as section 18 of the Forcible Entry and Detainer Act requires the furnishing of bond as a prerequisite to prosecuting an appeal, it is violative of the fourteenth amendment to the constitution of the United States, of article II, section 2, and article VI, section 7 of the Illinois constitution of 1870, and article I, section 2, and article VI, section 6, of the Illinois constitution of 1970."

We deem *Jack Spring, Inc. v. Little* to be distinguishable. In that case, it was held that the filing of an appeal bond could not be a prerequisite or condition precedent to the prosecution of an appeal. In the case at bar, appellant was not required to post an appeal bond, and she was given leave to proceed without the prepayment of filing fees. She was required by rule to either post a security for costs or demonstrate to the court's satisfaction that she has meritorious grounds for appeal. Although there is a constitutional right to appeal from a decision of the circuit court, there is no constitutional right for an individual to prosecute an allegedly frivolous appeal without posting a security for costs where the appellees request such a security for their protection.

■■ In conclusion, we wish to point out that every consideration currently recognized under our laws was extended to appellant, Petronele Petrauskas. It is only at this time, after she has made consideration of the

merits of her appeal unreasonable, that we enter the following orders: IT IS ORDERED that appellant's motions for extensions of time to and including December 1, 1976, for filing a report of proceedings are denied, and that this appeal is dismissed pursuant to Supreme Court Rule 364, good cause not having been shown within a reasonable time.