DIAMOND MORTGAGE CORPORATION OF ILLINOIS, Plaintiff and Counterdefendant-Appellee, v. HENRIETTA ARMSTRONG, Defendant and Counterplaintiff-Appellant (Steven J. Morton, Appellant).

First District (1st Division)   No. 87—3912

Opinion filed October 24, 1988.

Law Offices of Daniel A. Edelman and Law Offices of Steven J. Morton, both of Chicago (Daniel A. Edelman, James C. Spoeri, Steven J. Morton, and Robert C. Morton, of counsel), for appellants.

Letvin & Stein, of Chicago, for appellee.

JUSTICE MANNING delivered the opinion of the court:

An understanding of the issues before the court on this appeal depends more upon an understanding of the litigation's procedural history than upon an exposition of its underlying factual matrix.

Defendant, Henrietta Armstrong, appeals from a judgment of foreclosure and sale entered by the circuit court, and both she and attorney Steven Morton appeal from an award of attorney fees entered against them pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). We disagree with the judgment of the circuit court, and hence we reverse.

On December 4, 1985, defendant signed a contract with All American Aluminum & Construction Co. (All American) for home improvements. The contract provided for certain repairs to be made on the defendant's home for the sum of $15,000 in cash, payable upon completion. All American referred Mrs. Armstrong to Diamond Mortgage Corporation of Illinois (Diamond) for financing, and subsequently, Mrs. Armstrong obtained a loan in the principal amount of $14,500 from Diamond. Diamond apparently acted as both the lender and an arranger of financing and assessed a fee of $4,000 against Mrs. Armstrong for its services in arranging the loan ($290 of this fee was given to All American as a referral fee). The fee was added to the principal balance of the mortgage.

Although none of the repairs specified in the contract were ever performed, Diamond dispersed payment in the amount of $4,000 to All American. Mrs. Armstrong sought to cancel the contract and claims that when she did, Diamond attempted to coerce her, defaulted her, and filed a foreclosure action.

Mrs. Armstrong filed affirmative defenses to the foreclosure

action alleging fraud on the part of the plaintiff. She maintained that she had not been informed of the $4,000 brokerage fee prior to closing and that the addition of this fee made the payment terms more onerous than previously contemplated. She further claimed that she did not understand the contents of all the documents presented to her by Diamond, but because she could not pay the cancellation fee specified in her contract with All American, she nonetheless signed them.

Diamond filed a pleading labeled "Amended Motion for Judgment on the Pleadings as to Certain Defendants and Summary Judgment in favor of Plaintiff as to the Affirmative Matters Raised in Defendants [*sic*] Answer and for Entry of a Judgment of Foreclosure and Sale of the Premises." In this document Diamond alleged that defendant's answer and affirmative defenses did not constitute a valid defense to the foreclosure action and claimed that by failing to respond to a prior request to admit facts, defendant had admitted all of the material allegations in the complaint, and consequently, plaintiff was now entitled to judgment.

Defendant filed a memorandum in response to the motion for summary judgment, claiming that she had established a *prima facie* case for fraud in her affirmative defenses. Diamond then filed a motion to strike this memorandum as being irrelevant and conclusory and sought attorney fees pursuant to section 2—611 for allegedly false pleading.

On August 26, 1987, the court held a hearing at which it assessed fees and costs in the amount of $375 against defendant's attorney, Steven Morton, purportedly pursuant to section 2—611, for allegedly obstructing Diamond's deposition of the defendant. The matter was then continued for an evidentiary hearing on Diamond's motion for summary judgment. The trial court subsequently refused to reconsider or clarify this order.

On October 28, 1987, defendant filed amended affirmative defenses, an amended counterclaim and a motion to continue or strike the pending evidentiary hearing on plaintiff's motion for summary judgment. The counterclaim alleged that Diamond was guilty of fraud in that it violated section 433 of the Federal Trade Commission Regulations (16 C.F.R. §433 (1988)), the Illinois Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*), and "An Act relating to loans and purchases of negotiable instruments for the purpose of improvement or repair of residential structures" (Ill. Rev. Stat. 1985, ch. 17, par. 5801 *et seq.*).

On the date set for the evidentiary hearing on Diamond's motion for summary judgment, the court reserved its ruling on plaintiff's mo-

tion and required the defendant to prove her counterclaim. Counsel for the defendant objected to the nature of the proceeding, indicating that he believed they were there for an evidentiary hearing on the motion for summary judgment and that he was not prepared to go to trial. The court nonetheless instructed the defendant to proceed to trial on her counterclaim, and after opening statements and a brief direct examination of the defendant, the hearing was continued to November 16, 1987.

On November 16, counsel for defendant again questioned the nature of the proceeding, indicating that he was confused as to the purpose of the hearing. He argued that since the hearing had originally been set on plaintiff's motion for summary judgment, he felt that the taking of evidence was improper. At that time he was informed by the court that the proceeding was a trial, not only on the counterclaim, but on the "entire situation"—the amended answer, the counterclaim and plaintiff's complaint for foreclosure. Mrs. Armstrong was recalled to the stand, but before she concluded her testimony the court terminated the hearing, struck defendant's counterclaim, granted summary judgment in favor of the plaintiff, and set the matter for a prove-up and hearing on the section 2—611 petitions, all over the defendant's objections.

Subsequently, the court entered judgment against Mrs. Armstrong in the amount of $21,134.50, $4,000 of which was to be placed in escrow, ordered her home to be sold at sheriff's sale, awarded $750 in attorney fees to the plaintiff pursuant to section 2—611 and denied the defendant's motion for reconsideration. On appeal, the defendant argues essentially that she had valid claims and defenses against Diamond's foreclosure action and that she was denied due process when the trial court prevented her from presenting those claims and defenses. She also claims that the trial court improperly awarded attorney fees pursuant to section 2—611.

The defendant contends that she was denied due process by the irregularity of the proceedings in the trial court. The record indicates that the judgment complained of was entered on plaintiff's "Amended Motion for Judgment on the Pleadings and Default Judgment as to Certain Defendants and Summary Judgment in Favor of the Plaintiff as to the Affirmative Matters Raised in the Defendants [sic] Answer and for Entry of a Judgment of Foreclosure and Sale of the Premises," which sought the following relief: (1) to default the unknown owners and nonrecord claimants of the property; (2) judgment on the pleadings as to the unknown owners and nonrecord claimants; (3) summary judgment as to defendant's, Henrietta Armstrong's, answer;

(4) judgment on the pleadings on its complaint against Henrietta Armstrong; and (5) a decree of foreclosure and sale.

■ At this point we feel compelled to comment upon the form of this pleading. While the motion does not specify pursuant to which code sections it was brought, it apparently is a combination of a motion for default pursuant to section 2—1301, a motion for judgment on the pleadings pursuant to section 2—615(e), and a motion for summary judgment pursuant to section 2—1005. (Ill. Rev. Stat. 1985, ch. 110, pars. 2—1301, 2—615(e), 2—1005.) Even though the various motions are directed to multiple defendants, no effort is made by plaintiff to either separately designate the motions or the parties to which they are addressed. Consequently, the burden of unraveling the pleadings and determining which argument is addressed to which defendant is placed upon the court and the respondents. The confusion which results from the form of this pleading is obvious, and such lax motion practice should not be countenanced by the courts. See *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.

■ As to the proceedings themselves, the main issue is whether the manner in which the hearings were conducted denied the defendant due process. The essential elements of due process in a civil case are notice and an opportunity to be heard in an orderly proceeding adapted to the nature of the case. (*City of Chicago v. Shell Oil Co.* (1963), 29 Ill. 2d 136, 140, 193 N.E.2d 759.) Due process requires, at the very least, that a party have a right to present evidence and argument on one's own behalf, a right to cross-examine adverse witnesses and that impartial rulings be entered upon the evidence offered. (*Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 808, 480 N.E.2d 1312.) As stated by the court in *Pettigrew v. National Accounts System, Inc.* (1966), 67 Ill. App. 2d 344, 351, 213 N.E.2d 778:

> "A fundamental requisite of procedural due process is that every man shall have the protection of his day in court and the benefit of an orderly proceeding according to the general law or established rules; and that the hearing shall not be arbitrary, but rather shall afford to him an opportunity to be heard in his defense and shall assure to him an inquiry on the issues of the case, wherein judgment is rendered only after trial. There must be an intrinsic fairness of procedure by which any judgment, order or decree is rendered. This is essential to the untainted administration of justice—the most cherished aspect of our judicial system."

■ Applying these standards, we feel that the defendant was not afforded due process as guaranteed by the State and Federal Constitutions. The record indicates that the defendant was called into court for an evidentiary hearing on a motion for summary judgment. Rather than proceeding on the motion for summary judgment, the defendant found herself on trial on the merits of her counterclaim. After an opening statement and a limited direct examination of the defendant, the hearing was continued to November 16. On November 16 the defendant found herself on trial on both the counterclaim and the foreclosure action. When she attempted to proceed on the merits, the trial court determined that her attorney was not adequately prepared, terminated the hearing and granted summary judgment in favor of the plaintiff. The intrinsic unfairness of the proceedings is obvious. If the hearing were one on a motion for summary judgment, then the issue of whether a material question of fact existed should have been decided on the affidavits, admissions, depositions and pleadings on file; section 2—1005 does not contemplate an evidentiary hearing to determine if a question of fact exists. See Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Glen Ellyn Savings & Loan v. State Bank* (1978), 65 Ill. App. 3d 916, 924, 382 N.E.2d 1267.

■ On the other hand, if the proceeding was a trial on the merits, it was a striking departure from ordinary trial procedure. While the trial court has a great deal of discretion in the order in which evidence is produced at trial (*Foerster v. Illinois Bell Telephone Co.* (1974), 20 Ill. App. 3d 656, 661, 315 N.E.2d 63), due process dictates that, whatever the order, the parties must be accorded the opportunity to be heard and give evidence. (*Gorin v. McFarland* (1967), 80 Ill. App. 2d 398, 408, 224 N.E.2d 615.) In the present case, it is clear that the defendant was denied this opportunity, and the judgment must be reversed.

■ Our determination that the proceedings below were a denial of due process obviates the need to consider the other substantive matters raised regarding the foreclosure action; however, we must consider the parties' arguments concerning the award of section 2—611 fees, which is collateral to the foreclosure action. Defendant's main contention is that she was improperly sanctioned by the trial court. Without deciding the question of whether the conduct involved was sanctionable, we find that section 2—611 was used in a manner not intended by the legislature. Section 2—611 provides that an attorney's signature on pleadings and other papers constitutes a certificate by him that he has read the document, has made a reasonable inquiry into its basis and believes that it is well-grounded in fact, warranted

by existing law and is being made in good faith. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) Pleadings and other papers filed in violation of this section subject the party, the party's attorney, or both to an appropriate sanction. (*People v. King* (1988), 170 Ill. App. 3d 409, 414, 524 N.E.2d 723.) As section 2—611 is penal in nature, its provisions must be strictly construed. (*Lee v. Egan* (1987), 160 Ill. App. 3d 1078, 1081, 513 N.E.2d 1023.) The burden of proving entitlement to fees and costs is on the party seeking to invoke section 2—611. (*Geneva Hospital Supply, Inc. v. Sanberg* (1988), 172 Ill. App. 3d 960, 966, 527 N.E.2d 611.) A petition for attorney fees and costs under section 2—611 must meet minimum requirements of specificity so that a responding party has an opportunity to challenge and defend against the allegations made, and so that fees and costs may be fairly apportioned. (*Geneva Hospital Supply, Inc. v. Sanberg* (1988), 172 Ill. App. 3d 960, 966, 527 N.E.2d 611.) The petition must specifically state both which statements were falsely made and what fees were incurred as a result of such statements. *Plainfield Community Consolidated School District No. 202 v. Linblad Construction Co.* (1988), 174 Ill. App. 3d 149, 154.

■ We feel that the section 2—611 petition filed by the plaintiff does not meet any of these requirements. The petition simply recites that throughout the proceedings the attorneys in question "have prepared and filed pleadings which contain false statements and conclusory allegations made with no reasonable basis to believe same to be true" and concludes that the falsity of these pleadings is evidenced by the defendant's noncompliance with discovery, steps allegedly taken to prevent the plaintiff from discovering the "meritless nature of the conclusory allegations made against it." As the petition neither specifies which allegations are untrue, nor identifies the pleadings which contain the false allegations, there is no question but that it lacks the requisite specificity.

■ Furthermore, the indication from the record is that the first award of attorney fees was assessed not as a sanction for false pleading, but rather as a discovery sanction. This court has taken judicial notice of the fact that the provisions of section 2—611 are almost identical to Rule 11 of the Federal Rules of Civil Procedure, and in cases where there is no controlling precedent to guide us in the interpretation of the new section 2—611, it is reasonable for us to look to Federal construction of Rule 11. (*Frisch Contracting Service Co. v. Personnel Protection, Inc.* (1987), 158 Ill. App. 3d 218, 224, 511 N.E.2d 831.) We note that Federal Rule 11 is not properly used to sanction conduct where other more specific rules apply. Thus, where

discovery is governed by special rules, those rules rather than Rule 11 should be applied to avoid the denial of the protection afforded by the special rules. (*Zaldivar v. City of Los Angeles* (9th Cir. 1986), 780 F.2d 823, 830.) Consequently, we feel that if the court's intention was to sanction counsel for discovery abuses, the sanction should have been more properly imposed pursuant to the code provisions dealing with discovery rather than section 2—611. See, *e.g.*, 107 Ill. 2d R. 219.

There is similarly no indication in the record as to how the amount of the fees was determined. The plaintiff never submitted a statement of fees, and the court never held a hearing as to the reasonableness of the fees awarded. Based on these facts, we find that the court improperly awarded attorney fees to the plaintiff, and consequently, both awards of attorney fees will be vacated.

■ Diamond has filed a motion in this appeal, taken with the case, to dismiss the appeal pursuant to Supreme Court Rule 364, alleging that the appellant is insolvent and no bond has been filed. However, where an appellant has sufficiently shown the court the existence of a just, meritorious and nonfrivolous cause of action, this court may waive the posting of any security on appeal. (*Central National Bank v. Baime* (1983), 112 Ill. App. 3d 664, 670; *Petrauskas v. Kipnis* (1976), 43 Ill. App. 3d 730, 732, 357 N.E.2d 170.) In light of our holding, the requirement that security be posted in this case is waived.

Accordingly, we reverse the judgment entered by the trial court and remand this cause for further proceedings consistent with this opinion.

Judgment reversed and remanded.

QUINLAN and O'CONNOR, JJ., concur.