GENEVA HOSPITAL SUPPLY, INC., Plaintiff-Appellant, v. DRUSILLA SANBERG *et al.*, Defendants-Appellees.—GENEVA HOSPITAL SUPPLY, INC., Plaintiff-Appellee, v. GINDERS HOSPITAL SUPPLY COMPANY, Defendant-Appellant (Drusilla Sanberg, Defendant).

Second District   Nos. 2—87—0860, 2—87—1040, 2—87—1041 cons.

Opinion filed August 3, 1988.

Elizabeth L. Krueger, P.C., of Wheaton (Kevin F. Lynch, of counsel), for appellant.

Robert M. Foote, of Murphy, Hupp, Foote, Mielke & Kinnally, of Aurora (Craig S. Mielke, of counsel), for appellee Drusilla Sanberg.

Williams & McCarthy, P.C., of Rockford (James P. Devine, of counsel), for appellee Ginders Hospital Supply Company.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

This consolidated appeal arises from plaintiff Geneva Hospital Supply, Inc.'s (Geneva's) action against its former employee, defendant Drusilla Sanberg (Sanberg), and her new employer, defendant Ginders Hospital Supply Co. (Ginders). Appeals from three orders of the circuit court of Kane County have been consolidated in this court. In No. 2—87—0860, Geneva appeals from an order denying a preliminary injunction. In No. 2—87—1041, Geneva appeals from an order dismissing with prejudice Geneva's complaint. In No. 2—87—1040, Ginders appeals from an order denying its motion for sanctions under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611).

Geneva, Ginders, and several other companies are competitors in the business of selling medical supplies and equipment to medical doctors, clinics, and other customers. They do not manufacture any of the products they sell, obtaining those products from the manufacturers. They are not the exclusive distributors of any of the products they sell, nor, except in rare cases, are they the exclusive suppliers of the medical supplies and equipment for any of their customers. Sanberg worked for Geneva as a sales representative between 1984 and May 7, 1987. On March 6, 1985, Geneva had Sanberg sign a document entitled "Employment Non-Compete Agreement." If she had refused to sign it, Geneva would have fired Sanberg. After Sanberg's resignation on May 7, 1987, she worked for Ginders as a sales representative.

Geneva filed a nine-count complaint seeking various forms of relief against Sanberg and Ginders, essentially concerning Sanberg's dealings with customers of Geneva while still employed by Geneva and in her new position as sales representative for Ginders. One of the counts was based upon breach of the "Employment Non-Compete Agreement," and the other counts were not. The same day the complaint was filed, Geneva also moved for the entry of a preliminary injunction:

"A. Enjoining [Sanberg] from directly or indirectly, for herself or any other entity, soliciting, diverting, taking away or attempting to take away, any of the customers of [Geneva].

B. Enjoining [Sanberg and Ginders] from conducting any business with any customers solicited by [Sanberg] during her employment with [Geneva].

C. Directing [Sanberg and Ginders] to render a full and complete accounting of the profits from dealings with clients

and former clients of [Geneva], including but not limited to, Drs. Fredrickson, Schewmake and Lipinski.

D. Imposing a constructive trust on the profits and commissions which are and will come into the hands of [Sanberg and Ginders]."

Following a lengthy hearing, the trial court denied the motion for a preliminary injunction because the court found "no protectable interest by Geneva in its customers." Geneva appealed from this order (No. 2—87—0860). 107 Ill. 2d R. 307(a)(1).

Sanberg and Ginders moved to dismiss Geneva's complaint because, *inter alia,* "each and every count of plaintiff's complaint fails to even attempt to allege any legally cognizable protectable interest" when such an allegation was essential to the causes of action Geneva was attempting to allege. These motions were made under section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) These motions, filed before the hearing on the motion for entry of a preliminary injunction, had been taken with the case and were ruled on after the denial of the preliminary injunction. The court granted the motions to dismiss because it had found there was no protectable interest, "[a]nd since there is no protectable interest, these causes of action cannot be properly stated." Geneva appealed from this order (No. 2—87—1041).

Immediately after dismissal of the complaint, the court heard Ginders' motion for sanctions against Geneva pursuant to section 2—611 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) The court denied this motion. Ginders appealed from this order (No. 2—87—1040).

We first address the propriety of the dismissal of the complaint (No. 2—87—1041). Geneva contends that: (1) Sanberg's filing of a motion for summary judgment waived any objection to the sufficiency of the complaint; (2) Sanberg's motion to dismiss was not sufficiently specific; and (3) all counts of the complaint were sufficient, none of the causes of action pled requiring allegation and proof of a legally protectable interest.

■ Geneva's argument that Sanberg's filing of a motion for summary judgment waived any objection to the sufficiency of the complaint is without merit. First, Sanberg withdrew her motion, so there was no motion for summary judgment pending when the trial court granted defendants' motions to dismiss the complaint. Second, the case on which Geneva relies does not stand for the proposition that the filing of a motion for summary judgment waives any objection to the sufficiency of the complaint. Instead, it stands for the

proposition that "[t]he sufficiency of a complaint must be attacked by motion" and, where it is not so attacked but summary judgment is moved for instead, objection to the complaint's sufficiency is waived. (*Pollock v. Hafner* (1982), 108 Ill. App. 3d 410, 416, 439 N.E.2d 85, 88.) This waiver rule is inapplicable to the case at bar, where motions to dismiss were made.

With reference to the appropriate procedure in a case where both dismissal of a complaint and summary judgment were sought, our supreme court said:

> "The defendants *** should have first challenged the legal sufficiency of the complaint. When, and only when, a legally sufficient cause of action had been stated should the court have entertained the motions for summary judgment ***." (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605, 609.)

In the case at bar, this procedure was followed, with the trial court considering first the motions to dismiss the complaint and, after dismissing it, having no need to entertain the motion for summary judgment. Therefore, objection to the sufficiency of the complaint was not waived by Sanberg's filing of a motion for summary judgment. See *Kolton v. K & L Furniture & Appliances, Inc.* (1979), 82 Ill. App. 3d 868, 872-73, 403 N.E.2d 478, 482-83.

In the trial court, Geneva never argued that the motion to dismiss of Sanberg was insufficiently specific or that all counts of the complaint were sufficient, none of them requiring the allegation of a legally protectable interest. Consequently, these issues have been waived and will not be considered. (*Lemke v. Kenilworth Insurance Co.* (1985), 109 Ill. 2d 350, 354-55, 487 N.E.2d 943, 945-46; *Upper Avenue National Bank v. First Arlington National Bank* (1980), 81 Ill. App. 3d 208, 211, 400 N.E.2d 1105, 1107; *Burdin v. Jefferson Trust & Savings Bank* (1971), 133 Ill. App. 2d 703, 706-07, 269 N.E.2d 340, 343-44.) We, therefore, find no reversible error in the trial court's dismissal of Geneva's complaint (No. 2—87—1041).

■ We next consider the appeal of Geneva from the order denying its motion for a preliminary injunction (No. 2—87—0860). We need not address the merits of that appeal or Sanberg's contention that the appeal should be dismissed for failure of the notice of appeal to comply with Supreme Court Rule 307 (107 Ill. 2d R. 307), because we dismiss the appeal as moot.

The preliminary injunction was sought to preserve the status quo until the trial court decided the case on its merits. If the preliminary injunction had been granted and left pending, the order dismissing

the complaint would have dissolved it. (*Department of Transportation v. Schien* (1977), 50 Ill. App. 3d 73, 76, 365 N.E.2d 702, 705, *aff'd* (1978), 72 Ill. 2d 287, 381 N.E.2d 241; *Phelps v. Foster* (1857), 18 Ill. 309, 310-11; see also *Schuler v. Wolf* (1939), 372 Ill. 386, 389, 24 N.E.2d 162, 165; *House of Vision v. Hiyane* (1965), 58 Ill. App. 2d 431, 439, 208 N.E.2d 390, 395.) The complaint being dismissed, and the dismissal being affirmed, Geneva's appeal from the denial of the preliminary injunction has become moot. (*In re Marriage of Beck* (1980), 83 Ill. App. 3d 976, 982, 404 N.E.2d 972, 976; *Dempsey v. Guaranty Trust Co.* (7th Cir. 1942), 131 F.2d 103, 105, *cert. denied* (1943), 318 U.S. 769, 87 L. Ed. 1139, 63 S. Ct. 761.) We therefore dismiss that appeal (No. 2—87—0860).

Last, we consider Ginders' appeal from the circuit court's denial of its motion for sanctions (No. 2—87—1040). The motion requested costs and attorney fees pursuant to section 2—611 of the Code of Civil Procedure, which provides:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name ***. *** The signature of an attorney *** constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.)

Ginders contends that Geneva's "complaint and motion for temporary injunction were not warranted by existing law" or "a good faith argument for the extension, modification or reversal of existing law" and that "[t]he allegations against Ginders were not well-grounded in fact."

■ Even though under section 2—611 a trial court may award attorney fees and costs on its own motion, a motion for attorney fees

and costs must meet minimum requirements of specificity so that a responding party has an opportunity to challenge and defend against the allegations made and so that fees and costs may be fairly apportioned. (*Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 235, 512 N.E.2d 85, 88; Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) Moreover, the burden of proving entitlement to fees and costs is on the movant who seeks to invoke section 2—611. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—611; *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 366-67, 383 N.E.2d 185, 196.) A trial court's decision to grant or deny a motion for sanctions will not be overturned unless it can be shown that the court abused its discretion. (*Pole Realty Co. v. Sorrells* (1981), 84 Ill. 2d 178, 184-85, 417 N.E.2d 1297, 1301; *Hengels v. Gilski* (1984), 127 Ill. App. 3d 894, 916, 469 N.E.2d 708, 725.) Ginders in its brief has failed to demonstrate that the denial of its motion for sanctions was an abuse of the trial court's discretion.

■ Ginders contends that Geneva's complaint and motion for a preliminary injunction were not warranted by existing law because Ginders never alleged that it had any protectable interest. Ginders' argument is based entirely upon the interpretation of protectable interest in the context of attempts by employers to enforce restrictive employment covenants against former employees. See *McRand, Inc. v. Van Beelen* (1985), 138 Ill. App. 3d 1045, 486 N.E.2d 1306; *Hayden's Sport Center, Inc. v. Johnson* (1982), 109 Ill. App. 3d 1140, 441 N.E.2d 927.

The only claim in which Geneva sought to enforce a restrictive covenant against a former employee (count IV) was directed solely at Sanberg, who did not move for sanctions, and not at Ginders. The causes of action alleged against Ginders were diverse, having to do with (1) participation by, and collusion of, Ginders in Sanberg's breach of her fiduciary duties to Geneva during the period she was employed by Geneva (count II); (2) intentional interference with Geneva's business relationship with and expectancy in its clients (count III); (3) intentional interference with the employment relationship between Geneva and Sanberg (count VI); (4) unfair competition based upon Ginders' collusion with and inducement of Sanberg to breach her fiduciary duties during the period she was employed by Geneva (count VII); (5) conspiracy by Ginders and Sanberg (a) for Sanberg to breach her fiduciary duties during the period she was employed by Geneva, (b) to collude in breaching those duties, (c) to compete unfairly with Geneva, and (d) to interfere with business relationships and expectancies of Geneva's (count VIII); and (6) unjust enrichment based upon profits received as a result of Ginders' interference with

the employment relationship between Geneva and Sanberg (count IX).

We express no opinion as to whether any of the counts directed against Ginders required allegation of a protectable interest, nor upon whether any of them were otherwise sufficient. For purposes of this appeal it is enough to note that, because none of the counts alleged against Ginders was based upon the enforceability of a restrictive employment covenant against a former employee, Ginders has failed to establish that Geneva's complaint and Geneva's motion for a preliminary injunction, as relevant to Ginders, were not warranted by existing law.

■■ Ginders also contends that the allegations against it were not well grounded in fact. The only relevant allegation in the motion for sanctions stated:

"A reasonable inquiry into the facts and existing law would have informed Plaintiff's counsel that Plaintiff has no legal or equitable claim against Defendant Ginders."

This allegation lacked the specificity required, and so the trial court was warranted in denying the motion for sanctions based upon Geneva's allegations not having been well grounded in fact. See *Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 235, 512 N.E.2d 85, 88.

We also note that, in violation of Supreme Court Rule 341(e)(7), Ginders' argument on this point makes numerous factual assertions without citation of "the pages of the record relied on." (113 Ill. 2d R. 341(e)(7); *People v. Ramirez* (1983), 98 Ill. 2d 439, 472, 457 N.E.2d 31, 47, *cert. denied* (1987), 481 U.S. 1053, 95 L. Ed. 2d 845, 107 S. Ct. 2189 (Illinois Supreme Court, in a capital case, would not address issue where defendant failed to adequately cite to the record in support of his contention that he had received ineffective assistance from trial counsel).) The only record reference Ginders makes in its argument is, by itself, insufficient to support its claim that Geneva's allegations were not well grounded in fact. Therefore, even if the motion for sanctions had been sufficiently specific, we would not find that Ginders established in its brief that denial of sanctions was an abuse of the trial court's discretion.

Ginders has failed in its brief to establish that the trial court abused its discretion when the court denied Ginders' motion for sanctions. We therefore affirm the trial court's order denying sanctions (No. 2—87—1040).

Accordingly, we dismiss Geneva's appeal from the circuit court of Kane County's denial of its motion for a preliminary injunction (No.

968

2—87—0860); we affirm the order dismissing Geneva's complaint (No. 2—87—1041); and we affirm the order denying Ginders' motion for sanctions (No. 2—87—1040).

No. 2—87—0860, Appeal dismissed.
No. 2—87—1040, Affirmed.
No. 2—87—1041, Affirmed.

WOODWARD and UNVERZAGT, JJ., concur.