THE PEOPLE *ex rel.* E. ALLEN BERNARDI, Director of the Department of Labor, Plaintiff-Appellant, v. THE CITY OF HIGHLAND PARK *et al.*, Defendants (Durocher Dock and Dredge Corporation, Defendant-Appellee).

Second District   No. 2—91—0338

Opinion filed February 26, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jennifer A. Keller, Assistant Attorney General, of Chicago, of counsel), for appellant.

John Zimmerman, City Attorney, of Highland Park, W. Scott Hanken, of Pfeifer & Kelty, P.C., of Springfield, Erwin W. Jentsch, of Bradtke & Zimmerman, of Mount Prospect, and Linda Spring, of Wildman, Harrold, Allen & Dixon, of Waukegan (Thomas W. Kelty, of counsel), for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, the Department of Labor, through its Director (the Director), appeals from certain orders of the circuit court of Lake County, on remand from the Illinois Supreme Court, granting defendant Durocher Dock and Dredge Corporation's (Durocher's) section 2—611 (Ill. Rev. Stat. 1983, ch. 110, par. 2—611) motion against the Director and awarding Durocher $42,346.40 in costs and attorney fees. The Director contends (1) that the trial court was without jurisdiction to consider Durocher's section 2—611 motion because (a) the motion was not timely filed; and (b) the trial court acted beyond the mandate of the supreme court on remand; (2) that, even if the court had jurisdiction, it abused its discretion in finding that the Director violated section 2—611; and (3) that the court further abused its discretion in awarding Durocher $42,346.40 in fees and costs. We reverse.

Briefly, the facts of this case are as follows. On December 29, 1983, defendant City of Highland Park (City) issued contract specifications for a public works project. Following an investigation into the matter, the Director filed a complaint on February 10, 1984, for injunctive and other relief. The complaint alleged that the City, various City officials and Durocher were in violation of "An Act regulating wages of laborers, mechanics and other workers employed in any public works by the State, county, city or any public body or any political subdivision or by any one under contract for public works" (Prevailing Wage Act) (Ill. Rev. Stat. 1983, ch. 48, pars. 39s—1 through 39s—12) by failing to ascertain the local level of wages, by failing to specify the prevailing wages in the call for bids, and by failing to inform the bidders that they would be required to pay the prevailing rates to workers on the project.

The City and Durocher admitted that the Prevailing Wage Act had not been complied with, but they contended that the City, as a home rule unit, was not required to comply with the Act. The parties, including Durocher, stipulated that the City's failure to refer to the Act in the specifications for the project was "neither a negligent omission nor an error" and that "payment in wages involved with and as prescribed by the Act will result in increased costs to the city for the construction of the water intake extension." Durocher also argued before the circuit court that application of the Act to the project would result in its having to pay higher wages to its employees.

On April 18, 1984, the circuit court denied the Director's request for a preliminary injunction and dismissed the case on the ground that it was within the scope of the City's home rule authority to decide not to comply with the Prevailing Wage Act. This court affirmed the circuit court's decision, relying essentially on the same reasons. (*People ex rel. Bernardi v. City of Highland Park* (1985), 135 Ill. App. 3d 580.) The Director was then granted leave to appeal to the Illinois Supreme Court.

The Illinois Supreme Court originally affirmed the rulings of the circuit court and this court, but, on rehearing and reconsideration, reversed and remanded. (*People ex rel. Bernardi v. City of Highland Park* (1988), 121 Ill. 2d 1.) The court held that the Prevailing Wage Act was in fact applicable and remanded for a determination of the difference, if any, between the wages actually paid on the project in question and the applicable prevailing wages and for a determination of whether Durocher would be disqualified from future contracts. *People ex rel. Bernardi*, 121 Ill. 2d at 7-8, 17.

The circuit court, on remand, dismissed the suit for want of prosecution on February 7, 1989. On March 15, 1989, the Director moved to vacate the dismissal for want of prosecution and to voluntarily dismiss the suit. The Director stated that he had reviewed the records of the defendants and determined that "there is no material amounts [*sic*] in controversy." The circuit court granted the Director's motion on March 23, 1989.

On April 21, 1989, Durocher filed its section 2—611 motion for sanctions. Durocher argued that "[t]he Attorney General's and Department of Labor's belief of a prevailing wage violation was not 'formed after reasonable inquiry' as required by Section 2—611 of the Code of Civil Procedure." On July 25, 1990, the circuit court granted Durocher's section 2—611 motion and ordered the Director to pay Durocher's costs. The court also ordered a hearing on the amount of attorney fees to be awarded. A hearing was held on January 15, 1991,

and on February 15, 1991, the circuit court entered an order awarding Durocher $42,346.40 in costs and fees. The circuit court stayed its order pending appeal, and the Director thereafter filed a timely notice of appeal. Durocher has also filed a motion in this court pursuant to section 2—611 requesting that it be awarded attorney fees and costs for this appeal. We have ordered this motion, and the Director's objections thereto, taken with the case.

■ We first consider the Director's argument that the circuit court was without jurisdiction to consider Durocher's section 2—611 motion because it was not timely filed. Section 2—611, as it existed at the time the Director filed his complaint, provided in pertinent part as follows:

"Untrue statements. Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." (Ill. Rev. Stat. 1983, ch. 110, par. 2—611.)

However, section 2—611 was amended effective November 25, 1986 (see Ill. Rev. Stat. 1987, ch. 110, par. 2—611), and the language imposing the 30-day requirement was deleted. Procedural amendments which do not impair vested rights apply retrospectively. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390.) The deletion of the 30-day requirement is such an amendment, and it therefore has retroactive application making it applicable to this case.

Specifically, the Director argues that, since Durocher's motion was not filed within 30 days of the circuit court's order dismissing the complaint, on April 18, 1984, the motion was not timely and the circuit court was without jurisdiction to consider it. The Director cites this court's decision in *Herman v. Fitzgerald* (1989), 178 Ill. App. 3d 865, 868, in support of his position. Durocher responds that, since section 2—611 as it existed at the time of the *Herman* decision did not contain the 30-day requirement, *Herman* is distinguishable.

In *Herman* this court stated that, in general, section 2—611 motions could be filed at any time the circuit court has jurisdiction over the underlying lawsuit. (*Herman*, 178 Ill. App. at 869.) We further held that when such a motion is filed after judgment is entered it is a post-trial motion and is therefore subject to the requirement of section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203) that post-trial motions be filed within 30 days of

judgment. (178 Ill. App. 3d at 869.) After our decision in *Herman*, however, our supreme court held that a section 2—611 motion is not a post-trial motion within the meaning of section 2—1203. *Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 461-64; see also *American National Bank & Trust Co. v. Bus* (1991), 212 Ill. App. 3d 133, 137.

Therefore, the requirement in section 2—1203 that post-trial motions be filed within 30 days of judgment does not apply to section 2—611 motions. Because there is no deadline stated in section 2—611, the general rule set forth in *Herman* that such motions may be filed at any time the circuit court has jurisdiction over the underlying lawsuit (*Herman*, 178 Ill. App. 3d at 869; see also *Matich v. Gerdes* (1990), 193 Ill. App. 3d 859, 872) applies here. We therefore conclude that Durocher's section 2—611 motion was timely because it was filed while the circuit court had jurisdiction over the underlying action upon its remand from the supreme court.

■ The Director also argues that the circuit court lacked jurisdiction to consider Durocher's section 2—611 motion because the court on remand improperly acted beyond the dictates of the supreme court's mandate. The supreme court's mandate in the instant case stated as follows:

> "The judgments of the Appellate Court, Second District and Circuit Court of Lake County are REVERSED, and this cause is REMANDED to the Circuit Court of Lake County for further proceedings consistent with the opinion attached to this mandate."

In support of his argument, the Director cites *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, for the proposition that the circuit court's jurisdiction on remand was confined to that conferred by the supreme court's mandate and that the circuit court had no authority to act beyond the dictates of the mandate. (*PSL Realty*, 86 Ill. 2d at 308-09.) The Director also cites *People ex rel. Daley v. Schreier* (1982), 92 Ill. 2d 271, for the proposition that, when a reviewing court issues a mandate, it vests the trial court with jurisdiction to take only such action as conforms to that mandate. Any other order issued by the trial court is outside the scope of its authority and void for a lack of jurisdiction. *Schreier*, 92 Ill. 2d at 276-77.

We believe the cases relied upon by the Director to be inapposite. In both *PSL Realty* and *Schreier*, the mandates in question were specific and provided the lower courts with clear and unambiguous directions. In such circumstances, of course, it is clear that the mandate

must be followed precisely. *In re Marriage of Jones* (1989), 187 Ill. App. 3d 206, 215.

However, it is also established that if the direction of the mandate is to proceed in conformity with the opinion, then the context of the opinion is significant and must be consulted. (*PSL Realty*, 86 Ill. 2d at 308.) If specific directions are not given, but the remand instructions are general in nature, as is the case here, then the lower court should examine the opinion and determine what further proceedings would be consistent with the opinion. (*Jones*, 187 Ill. App. 3d at 215-16.) Moreover, it has been held that questions which have not actually been decided by the reviewing court and which were not at issue or involved in the appeal may be considered by the court in subsequent proceedings. *Pioneer Trust & Savings Bank v. Zonta* (1981), 96 Ill. App. 3d 339, 344.

In this case, the supreme court reversed this court's and the trial court's determination that the Prevailing Wage Act was not applicable to the water intake extension project. The supreme court's mandate was clearly general in nature, remanding the cause to the circuit court "for further proceedings consistent with the opinion." The language of the opinion indicates that, upon remand, the circuit court was to determine whether the wages paid on the project were lower than required and whether Durocher would be disqualified from future contracts. As opposed to the situation in *PSL Realty*, the answer to this question was not a foregone conclusion. (See *PSL Realty*, 86 Ill. 2d at 312 (case remanded "not to determine *if* the receiver is entitled to fees, but to determine the amount of those fees").) (Emphasis in original.) The issue of sanctions was not at issue in the prior appeal, and, therefore, we do not believe that the circuit court's action in considering the motion was necessarily inconsistent with or beyond the authority of the supreme court's opinion or mandate. See *Zonta*, 96 Ill. App. 3d at 345.

■ Next, the Director argues that the circuit court abused its discretion in finding that the Director violated section 2—611. The legislative policy underlying this statute is to penalize the litigant who pleads frivolous or false matters, or who brings suit without any basis in the law. (*In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77.) Because the statute is penal in nature, its provisions should be invoked only in cases falling strictly within its terms. (*Wernick*, 127 Ill. 2d at 77.) The burden of proving entitlement to fees and costs under section 2—611 is on the movant. (127 Ill. 2d at 77.) Moreover, a motion pursuant to this section must meet minimum requirements of specificity so that the responding party has an opportunity to challenge and defend

against the allegations. (*Geneva Hospital Supply, Inc. v. Sanberg* (1988), 172 Ill. App. 3d 960, 966.) The decision to grant or deny a section 2—611 motion will not be reversed absent an abuse of discretion. *Wernick*, 127 Ill. 2d at 78.

First, the Director contends that Durocher's motion lacked the requisite specificity. We disagree. As the Director notes in his brief, Durocher's motion alleged, in part, as follows:

"12. In 1984, 1985, 1986, 1987 or 1988, had the Department of Labor taken 15 minutes to investigate the facts of this matter, they would have found no violation of the Prevailing Wage Act. They would have found that, as stated in their March, 1989 motion, 'There is no material amount in controversy.' \*\*\*

13. The Department's and the Attorney General's failure to investigate whether or not Durocher's employees were being paid the prevailing wage violated section 6 of the Prevailing Wage Act, which requires the Department to 'inquire diligently as to any violation of the Act.'

14. Thus, the Attorney General's and the Department of Labor's belief of a prevailing wage violation was not 'formed after a reasonable inquiry' as required by section 2—611 of the Code of Civil Procedure."

The Director contends that these statements fail to identify any false allegations of fact in the Director's complaint and are thus inadequate to support a section 2—611 motion. In support of his argument, the Director refers us to *Geneva Hospital Supply, Inc. v. Sanberg* (1988), 172 Ill. App. 3d 960. In *Sanberg,* we noted that the only relevant allegation in the defendant's motion for sanctions stated, " '[a] reasonable inquiry into the facts and existing law would have informed Plaintiff's counsel that Plaintiff has no legal or equitable claim against Defendant Ginders.' " (*Sanberg,* 172 Ill. App. 3d at 967.) Based on that sole allegation, this court held that the motion lacked the specificity required and that the trial court was warranted in denying the motion. *Sanberg*, 172 Ill. App. 3d at 967.

Based on the above, we believe that Durocher's allegations, identifying as they do the alleged lack of reasonable inquiry into the amount of wages to be paid, met the minimum requirements of specificity so that the Director had an opportunity to challenge and defend against them. (*Sanberg,* 172 Ill. App. 3d at 966.) The circuit court did not err in failing to deny the motion based on a lack of specificity.

However, we agree with the Director that the circuit court abused its discretion in finding that the Director actually violated section 2—611. The circuit court stated, in its memorandum order of July 25,

1990, that the following factors indicated that the allegations in the Director's complaint were violative of section 2—611: (1) the Department's determination on remand that Durocher's wage payments were not materially different from those required by the Act substantiates that the allegation in the complaint was false; (2) the Department's complaint was frivolous in that it was filed before contracts between the City and Durocher came into effect and before Durocher had paid its workers any wages; (3) the Department's failure to inquire as to the wages Durocher intended to pay indicates the lack of reasonable cause behind the allegation; and (4) the Department's failure to specify the wage rates Durocher was to comply with indicates that there was no basis in the law for the allegation.

First, we tend to agree with the Director that both the circuit court's and Durocher's focus indicates a mistaken belief that the only obligation imposed on contractors under the Act is the actual payment of the prevailing wage rate. The Act, in addition to the wage requirement, also mandates that the public works contract itself specify that the prevailing wage rate will be paid; that the contractor's bonds contain a provision guaranteeing the faithful performance of the prevailing wage clause; and that contractors keep and maintain, for inspection by the Department, a record of the names and occupations of employees and their hourly wages. Ill. Rev. Stat. 1983, ch. 48, pars. 39s—4, 39s—5.

As noted earlier in this opinion, the City and Durocher admitted that the Act had not been complied with, but they contended that compliance was not required in this case. The parties, including Durocher, stipulated that the noncompliance was "neither a negligent omission nor an error" and that compliance with the Act would "result in increased costs to the City for the construction of the water intake extension." Durocher stipulated and argued that, if forced to comply with the Act, it would have to pay its employees higher wages than it had contracted to pay. Moreover, the supreme court found that "the stipulated facts indicate a conscious decision by the city *and its contractors* to disregard the Prevailing Wage Act." (Emphasis added.) (*People ex rel. Bernardi*, 121 Ill. 2d at 17.) We find it difficult to reconcile the conclusions reached by the circuit court with those reached by the supreme court.

Additionally, we note that the Director, upon inspection of Durocher's records, found "no material amounts [*sic*] in controversy." The Director, in his motion to voluntarily dismiss the complaint, did not state that Durocher was not paying its workers less than the previous wage rate; he simply stated that there was no "material" difference

between the wages paid and the prevailing rate. Thus, it is not absolutely clear that the Director's allegation in this regard was necessarily "false," as found by the circuit court. Rather, an equally plausible interpretation is that the Director simply made a determination that the difference, if any, did not warrant further action by the Department.

The circuit court also found that the Department's complaint was frivolous in that it was filed before contracts between the City and Durocher came into effect and before Durocher had paid any wages. We disagree. Section 11 of the Act provides in part as follows:

> "No public works project *shall be instituted* unless the provisions of this Act have been complied with. *** The Illinois Department of Labor represented by the Attorney General is empowered to sue for injunctive relief against the awarding of any contract *or* the continuation of work under any contract for public works at a time when the prevailing wage prerequisites have not been met." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 39s—11.)

We believe the above language indicates that the Act anticipates preemptory action by the Department of Labor. The Act states that "[n]o public works project shall be instituted" and allows the Department to prevent "the awarding of any contract." This would appear to be a clear indication that action taken by the Department is in fact authorized before a contract is in place or wages have been paid. The circuit court's conclusion that the complaint was frivolous in that it alleged future conduct is therefore contrary to these statutory provisions.

Next, we disagree with the circuit court's conclusion that the Director failed to inquire into the wage issue and that such failure indicated a lack of reasonable cause. First, the Director points out that the Department did in fact inquire into this issue. Prior to filing suit, the Department contacted Durocher by letter. The letter informed Durocher of the Department's investigation, pursuant to the Prevailing Wage Act, into the water intake extension project and requested that Durocher supply information concerning employees and hourly wage rates. This is the same information covered by section 5 of the Act, which must be provided to the Department by contractors. The Director maintains that Durocher never responded to this request, and there is nothing in the record to indicate otherwise. In its brief, Durocher does not address this request for information or its failure to respond.

We agree with the Director that it was reasonable to believe that Durocher was not going to comply with the wage provisions in the Act. The City's call for bids did not include a prevailing wage requirement. In addition, Durocher defended the action not on the basis that it was paying or intended to pay the prevailing wage rate, but on the ground that it was not subject to the Act. Finally, Durocher argued that, if forced to comply with the Act, it would have to pay its workers higher wages.

We also agree that it would have been quite difficult for the Director to effectively invoke sections 5 and 6 of the Act and the various discovery provisions in the Code of Civil Procedure, as suggested by the circuit court, in order to determine the wages Durocher paid its employees. First, the Director attempted by letter to obtain this information, but Durocher failed to respond. Second, the circuit court and this court initially held that the Act was *inapplicable* to the City and Durocher. Practically speaking, therefore, the Director was unable to properly and effectively inquire into this issue until the supreme court held the Act applicable in 1988. Thereafter, the Department conducted an examination of Durocher's records and, finding "no material amounts [*sic*] in controversy," moved to voluntarily dismiss the action. We believe the Director acted reasonably and in good faith in this regard.

We take this opportunity to distinguish a case cited by Durocher in support of its argument that the Director failed to reasonably inquire into the wage issue. Durocher contends that this court's decision in *Beno v. McNew* (1991), 213 Ill. App. 3d 720, is directly on point and controlling as to the Director's liability under section 2—611. We do not agree.

In *Beno*, we held that, where the plaintiff admitted that he had not attempted to discover certain facts germane to the cause of action until after he filed the complaint, the complaint was filed without reasonable inquiry and the plaintiff was subject to section 2—611 sanctions. (*Beno*, 213 Ill. App. 3d at 724, 728.) Durocher argues that this case is similar because "the Director admitted that it did not investigate or attempt to discover whether or not Durocher had paid its laborers the prevailing wage until five years after the Complaint had been filed." This is simply not the case.

Durocher refers us to the Director's motion for voluntary dismissal as the record citation for the above-quoted statement. Nowhere in that motion does the Director admit "that it did not investigate or attempt to discover" information relating to the wage issue. Rather, as noted previously, the Director did attempt to discover information

about Durocher's employees and wage rates prior to filing suit. Durocher never responded to the Department's request for this information. As such, *Beno* does not compel a finding in this case that the Director violated section 2—611.

Finally, we disagree with the circuit court's conclusion that the Department's failure to specify wage rates indicated that there was no basis in the law for this action. As the Director points out, Durocher pursued this same contention before the supreme court. The supreme court disagreed and held that the Department's statutory duty to ascertain prevailing wage rates did not arise until after the events at issue in this case occurred. (*People ex rel. Bernardi*, 121 Ill. 2d at 17.) Therefore, the court stated that there was "no reason to believe that Durocher's alleged noncompliance with the Act was due to the Department's nonfeasance; instead, the stipulated facts indicate a conscious decision by the city and its contractors to disregard the Prevailing Wage Act." 121 Ill. 2d at 17.

For all of the foregoing reasons, we conclude that Durocher's section 2—611 motion was timely filed and that the circuit court was not, therefore, without jurisdiction to consider the motion. However, we also conclude that the circuit court abused its discretion when it found that the Director's complaint violated section 2—611 and that Durocher was thus entitled to an award of $42,346.40 in fees and costs. The orders of the circuit court of Lake County finding the Director in violation of section 2—611 and awarding Durocher $42,346.40 in fees and costs are therefore reversed. Durocher's motion for fees and costs on appeal is denied.

Reversed.

DUNN and UNVERZAGT, JJ., concur.