WOODSMOKE RANCH ASSOCIATION, Plaintiff-Appellee, v. HERBERT C. STEINMETZ, JR., Defendant-Appellant (Woodsmoke Resorts, Inc., *et al.*, Defendants).

Third District   No. 3—93—0147

Opinion filed November 5, 1993.

Thomas H. Fegan and Mindy Kallus, both of Johnson & Bell, Ltd., of Chicago, for appellant.

Marshall N. Dickler, Thomas W. Goedert, and James A. Slowikowski, all of Marshall N. Dickler, Ltd., of Arlington Heights, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The defendant, Herbert C. Steinmetz, Jr., filed a motion for sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137) more than 30 days after a dismissal with prejudice but prior to a decision on a pending motion to reconsider. The trial court dismissed the motion as untimely. We reverse.

The record reveals that on July 19, 1991, the plaintiff, Woodsmoke Ranch Association, filed a 12-count complaint against various defendants. Counts I and VIII of the complaint were directed against the instant defendant, Herbert C. Steinmetz, Jr., who subsequently filed a motion to dismiss. On April 16, 1992, the trial court granted

the motion to dismiss with prejudice. On May 6, 1992, the plaintiff filed a motion to reconsider. On June 25, 1992, while the motion to reconsider was still pending, the defendant filed a motion for sanctions under Supreme Court Rule 137.

The plaintiff thereafter filed a motion to strike and dismiss the defendant's motion for sanctions. The plaintiff alleged that under section 2—1203 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1203), the defendant's motion for sanctions was untimely because it had not been brought within 30 days of the dismissal order. The trial court agreed with the plaintiff and granted the motion to strike and dismiss.

On appeal, the defendant argues that the trial court erred in finding that his motion for sanctions was untimely.

Supreme Court Rule 137 provides that a motion seeking sanctions under the rule must be brought within and as part of the civil action in which the pleading or paper referred to has been filed. (134 Ill. 2d R. 137.) We note that prior to the enactment of Supreme Court Rule 137, motions for sanctions were governed by section 2—611 of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—611.) Since section 2—611 and Rule 137 are identical for the purposes of this issue, the cases interpreting section 2—611 are instructive.

In *Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 563 N.E.2d 459, the Illinois Supreme Court held that the 30-day requirement in section 2—1203 does not apply to section 2—611 motions. Thus, the trial judge erred here in applying section 2—1203 to the sanctions motion.

Moreover, in *People ex rel. Bernardi v. City of Highland Park* (1992), 225 Ill. App. 3d 477, 588 N.E.2d 427, the court held that a section 2—611 motion for sanctions was timely filed so long as the trial court had jurisdiction over the underlying case. The instant defendant filed his motion for sanctions while the plaintiff's motion for reconsideration was pending. Thus, as in *Bernardi*, the trial court still retained jurisdiction over the underlying suit. Accordingly, we find that the motion for sanctions was timely filed as part of the civil action. We therefore reverse the trial court's order and remand this cause for a hearing on the defendant's motion for sanctions.

Reversed and remanded.

BARRY and STOUDER, JJ., concur.